02-10-352-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00352-CR

 

 


 
 
 fELIPE d. sALOME
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432ND
District Court OF TARRANT COUNTY

----------

MEMORANDUM
OPINION[1]

----------

The
trial court convicted Appellant Felipe D. Salome of interference with the public
duties of a peace officer[2] and sentenced him to five
months’ confinement in Tarrant County Jail.  In his sole point, Appellant
challenges the sufficiency of the evidence to support his conviction.  Because
we hold that the evidence is sufficient to support his conviction, we affirm
the trial court’s judgment.

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.[3]  Appellant does not explain in
what way the evidence is insufficient except as to identity.  He does not
challenge evidence of intent, the lawfulness of the officers’ actions, the
degree of force used by the officers, or any issue other than identity.  For
that reason, we address only the sufficiency of the evidence of identity.

Magdaleno
Murillo’s family was holding a birthday party for Murillo’s four-year-old son. 
At about 11:30 p.m., Officer Marshall Meyer responded to a loud music
disturbance call at the Murillo home.  Someone turned the music down as Officer
Meyer arrived, so he did not take further action.  As he was driving away, he
heard the music playing loudly again.

As
Officer Meyer returned to the Murillo home, additional officers arrived
separately.  Murillo’s thirteen-year-old daughter testified that she and her
mother saw two police officers walk toward the back of the house where the music
was playing, “and that’s when they started saying, ‘Turn that fucking music
off.’”  Officer Meyer told Murillo that he was writing him a ticket for the
loud music, and, according to Officer Meyer, Murillo responded by taking an
aggressive stance.  A large group of people began to approach Murillo and Officer
Meyer.

A
man from the party stepped between the group of people and Officer Meyer to try
to calm the situation down by telling Officer Meyer that he needed to calm down. 
Officer Meyer told the man—whom both the State and Appellant refer to as the
peacekeeper and the translator, because there was a suggestion that that man
was a translator for John Peter Smith Hospital (JPS)—to get out of his way.

The
peacekeeper and others calmed Murillo down, and Murillo gave Officer Meyer his
driver’s license to provide Officer Meyer with the necessary information for
the ticket.  Murillo, however, refused to sign the ticket, so Officer Meyer and
Officer Thomas Hauck decided to arrest Murillo.  When Officer Meyer tried to handcuff
Murillo, he resisted.  Officer Meyer forced Murillo to the ground, and the
record reflects that five officers were on top of Murillo.  Officer Meyer
testified that Appellant attempted to drag him out from under Murillo, causing
Officer Meyer pain and hurting his shoulder.

Appellant
denied being part of the melee.  He testified that Murillo was his
brother-in-law and that the officers “were all beating him real bad.”  Appellant
stated at trial that he was trying to protect the little ones and that he was
telling people not to approach the fight.  He testified that some of the young
people were taking photographs and that one of them, Marco, was arrested for
taking pictures.  Appellant stated that the police had pushed Marco toward a
police car, so Appellant told the officers that the sixteen- and
seventeen-year-old boys being arrested were just kids.  Appellant told Marco to
stay calm and that everything would be fine.  Appellant testified that he was
arrested after he spoke to the officers.

The
trial court concluded that, even though the officers probably overreacted, they
were facing a mob and responding in a lawful manner, they found themselves
“over their heads[,] and they were being injured.”

Section
38.15(a) of the penal code provides in pertinent part,

A person commits [the
offense of interference with public duties] if the person with criminal
negligence interrupts, disrupts, impedes, or otherwise interferes with:

(1) a peace officer while
the peace officer is performing a duty or exercising authority imposed or
granted by law[.][4]

Appellant’s
sole argument is that “[i]t is clear that Meyers [sic] has confused the
Appellant with someone else.  It is clearly established that the Appellant was
the ‘representative’ ‘interpreter’ ‘translator’ ‘Miguel’ ‘Molina’ and generally
the peacekeeper person that tried to help the situation and not interfere with
it.”  Appellant argues that Officer Meyer confused him with the person who had
actually grabbed the officer’s arm.

But
Officer Hauck testified that Appellant was not the peacekeeper, and Appellant
testified that he works in ceramics; there is no evidence that he served as a
translator at JPS.  There is also no evidence that the peacekeeper ever touched
anyone.

Based
on the evidence presented at trial, a rational trier of fact could have found
that Appellant was the person who grabbed Officer Meyer’s arm, interfering with
his ability to gain control of Murillo and arrest him.  We therefore hold that
the evidence is sufficient to support Appellant’s conviction[5] and overrule his sole point.

Having
overruled Appellant’s sole point, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 28, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. §
38.15 (West 2011).





[3]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).





[4]Tex. Penal Code Ann. §
38.15(a)(1).





[5]See Jackson, 443
U.S. at 319, 99 S. Ct. at 2789.